```
                                           FILED
                                  CLERK, U.S. DISTRICT COURT

                                       08/09/2023

                                CENTRAL DISTRICT OF CALIFORNIA
                                BY: _____AP_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 5:23-cr-00151-SSS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(C), 859(a): Distribution of Fentanyl to a Person Under the Age of 21 Resulting in Death; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(B)(ii)(II), (b)(1)(C), (b)(2): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| KYLER THOMAS OVERBY, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C), 859(a)]

On or about May 4, 2023, in Riverside County, within the Central District of California, defendant KYLER THOMAS OVERBY, who was at the time at least eighteen years of age, knowingly and intentionally

1

distributed fentanyl, a Schedule II narcotic drug controlled substance, to L.B., a person under twenty-one years of age, the use of which resulted in the death and serious bodily injury of L.B. on or about May 5, 2023.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a residence, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 201.17 grams, of a mixture and substance containing N-phenyl-N-[1-(2-[phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a residence, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 993.84 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a residence, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute psilocyn, a Schedule I controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a residence, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute Methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a residence, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute alprazolam, a Schedule IV controlled substance.

COUNT SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 5, 2023, in Riverside County, within the Central District of California, defendant KYLER THOMAS OVERBY knowingly possessed the following firearms, in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Two of this Indictment, Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii)(II), as charged in Count Three of this Indictment, Possession with Intent to Distribute Psilocyn, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Four of this Indictment, Possession with Intent to Distribute MDMA, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Five of this Indictment, and Possession with Intent to Distribute Alprazolam, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(2), as charged in Count Six of this Indictment:

1.   A 9mm caliber pistol of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as a "ghost gun");

2.   A .40 caliber pistol of unknown manufacturer and green slide bearing no legitimate manufacturer's mark or serial number (commonly referred to as a "ghost gun"); and

3.   A .40 caliber pistol of unknown manufacturer and gold slide bearing no legitimate manufacturer's mark or serial number (commonly referred to as a "ghost gun").

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a car, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 5, 2023, in Riverside County, within the Central District of California, in a car, defendant KYLER THOMAS OVERBY knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of any of the offenses set forth in Counts One through Six, Eight, or Nine of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

   (c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Seven of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.
3
4                                            A TRUE BILL
5
6                                            _____/s/_____
7                                            Foreperson
8  E. MARTIN ESTRADA
   United States Attorney
9
10 [signature]
11 MACK E. JENKINS
   Assistant United States Attorney
12 Chief, Criminal Division
13 SEAN D. PETERSON
   Assistant United States Attorney
14 Chief, Riverside Branch Office
15 MILES J. ROBINSON
   Assistant United States Attorney
16 Riverside Branch Office

14